UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA DRISCOLL MARTIN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CVS PHARMACY, INC., et al.,<br><br>Defendants. | Case No. 24-cv-06282-VC<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 10 |

The motion to remand is granted.

Section 1446 requires all properly served and joined defendants to consent to removal. 28 U.S.C. § 1446(b)(2)(A). A removing defendant has thirty days from service of the initial pleading to secure the consent of any non-joining defendants to remove the case from state court. *Id.* § 1446(b)(1), (b)(2)(A).

The CVS defendants did not secure the consent of AIN11CA prior to removal. The CVS defendants assert that they were unsure whether AIN11CA had been properly served when they filed their notice of removal. But the CVS defendants were not reasonably diligent in determining whether, in fact, service on AIN11CA was improper. Three weeks prior to the CVS defendants' filing of the notice of removal, the plaintiffs had filed a proof of service for AIN11CA indicating that a process server had served a copy of the summons on a registered agent of process on the same day that the CVS defendants were served. The CVS defendants did not adequately explain why they believed that service was improper despite the information contained in that proof of service. So removal was defective. *See Vargas v. Riley*, No. 18-CV-00567-JST, 2018 WL 2267731, at *3–4 (N.D. Cal. May 17, 2018).

The CVS defendants assert that this removal defect was procedurally cured because they

secured the consent of AIN11CA after the motion to remand was filed. But this consent came after the thirty-day statutory period had ended. And the CVS defendants have not shown that they were reasonably diligent in attempting, and failing, to secure the consent of AIN11CA during that statutory period. The CVS defendants allege that they contacted AIN11CA's managing members by sending a letter to the address listed on the California Secretary of State's website as the official address for the general partner of AIN11CA. Following that letter, the managing members gave consent for removal. But the CVS defendants give no reason for why they were unable to do this investigation prior to the running of the statutory period. Indeed, that same address is listed by the CVS defendants in the declaration accompanying their notice of removal as the official address for AIN11CA's general partner. So although the CVS defendants were aware *at the time of removal* that this was likely the address that could be used to reach AIN11CA's general partner, the CVS defendants did not reach out until after the motion to remand was filed—and, more importantly, after the thirty-day statutory period had run. The CVS defendants' efforts to cure the procedural defect were thus untimely. *See Morales v. Safeway Stores, Inc.*, No. C-01-3934-VRW, 2002 WL 202367, at *2 (N.D. Cal. Jan. 30, 2002).

The Clerk is directed to remand the case to Santa Clara County Superior Court.

**IT IS SO ORDERED.**

Dated: November 25, 2024

VINCE CHHABRIA
United States District Judge